**Michael Lucius WHITE, Plaintiff–Appellant,**

v.

**STATE OF COLORADO; Roy Romer; Aristedes Zavaras; Dave Holt; Roderic Gottula; Joseph McGarry, Defendants–Appellees.**

No. 95–1273.

United States Court of Appeals, Tenth Circuit.

April 24, 1996.

Michael L. White, pro se.

John R. Mann, Kennedy & Christopher, P.C., Denver, Colorado, for Defendant–Appellee Roderic Gottula, M.D. and Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Garth C. Lucero and Timothy R. Arnold, Deputy Attorneys General, Gregg E. Kay, First Assistant Attorney General, and Cristina Valencia, Assistant Attorney General, Tort Litigation Section, Denver, Colorado, for Defendants–Appellees the State of Colorado, Roy Romer, Aristedes Zavaras, Dave Holt, and Joseph McGarry.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

TACHA, Circuit Judge.

 Plaintiff, appearing pro se, appeals[1] the district court's decision granting

---

1. After examining the briefs and appellate record, this panel has determined unanimously that

defendants summary judgment on his claims asserted under 42 U.S.C. § 1983, the Rehabilitation Act, *see* 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213(ADA).[2] This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. *Carl v. City of Overland Park,* 65 F.3d 866, 868 (10th Cir.1995). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). We liberally construe plaintiff's pro se pleadings. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). This liberal construction, however, will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Upon consideration of the record[3] and the parties' arguments on appeal,[4] we affirm.

## I. SECTION 1983 CLAIMS

█ Under § 1983, plaintiff asserted claims alleging that defendants were deliberately indifferent to his serious medical needs, contrary to the Eighth Amendment, and that defendants denied him necessary medical treatment, in violation of the Fourteenth Amendment. These claims stem from the refusal of Colorado Department of Corrections' officials to provide plaintiff with surgery for a leg injury suffered in a car accident occurring prior to his incarceration, and for the denial of, or the delay in providing, diagnostic evaluation and treatment for this injury.

█ The district court did not err in granting defendants summary judgment, based upon Eleventh Amendment sovereign immunity grounds, on the § 1983 claims

plaintiff asserted against defendants, in their official capacity, for money damages and a declaratory judgment. *E.g., Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir.1995). And, although sovereign immunity will not bar plaintiff's 1983 claims for prospective injunctive relief, *id.,* any such claims must now be deemed moot, in light of plaintiff's subsequent release on parole, *see* appellant's opening br. at 44. *Cf. LaFaut v. Smith,* 834 F.2d 389, 390, 394–95 (4th Cir.1987) (inmate's Rehabilitation Act claim for injunctive relief, based upon inadequacy of medical attention, became moot upon transfer of inmate to facility that provided adequate care and then by inmate's subsequent release from incarceration). Plaintiff's assertion that defendants' denial of surgery is an issue that is " 'capable of repetition yet evades review,' " *F.E.R. v. Valdez,* 58 F.3d 1530, 1533 (10th Cir.1995) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)), because the surgery will again become an issue if plaintiff's parole is revoked and he is returned to prison, "is too speculative to support th[is] mootness exception, which is only to be used in 'exceptional situations.' " *Id.* (quoting *Lyons,* 461 U.S. at 109, 103 S.Ct. at 1669).

█ The district court also did not err in awarding defendants summary judgment on plaintiff's § 1983 claims asserted against defendants in their individual capacity. Although the record contains the recommendation of several doctors that surgery might help alleviate problems with his left leg, the medical evidence is uncontroverted that a one- or two-year delay in having the surgery, until plaintiff's release from prison, would not cause further damage to plaintiff's leg. *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993) (delay in medical care can violate

---

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** On appeal, plaintiff does not pursue his claims separately asserted under Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000d–2000d–7.

**3.** This court cannot consider exhibits, attached to plaintiff's briefs, that were not submitted to the

district court. *John Hancock Mut. Life Ins. Co. v. Weisman,* 27 F.3d 500, 506 (10th Cir.1994).

**4.** We need not consider plaintiff's argument, asserted for the first time in his appellate reply brief, that the district court did not provide the requisite de novo review of the magistrate judge's report and recommendation. *Codner v. United States,* 17 F.3d 1331, 1332 n. 2 (10th Cir.1994).

 

Eighth Amendment only if it results in substantial harm).

Further, plaintiff's allegations of the denial of, or delay in providing, diagnostic evaluation and other means of treatment for his leg injury implicate only defendants' negligence and do not establish the more culpable state of mind necessary to support claims of the denial of a constitutional right. *E.g., Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). The district court, therefore, did not err in granting defendants summary judgment on the § 1983 claims.

## II. REHABILITATION ACT AND ADA CLAIMS

Plaintiff's allegations that the defendant state's denial of his surgery violated the Rehabilitation Act and Title II of the ADA[5] fail to state viable claims for relief. Plaintiff also alleges that the state violated these statutes by denying him prison employment opportunities because of his disability. The Rehabilitation Act, however, does not apply to issues of prison employment. *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991). For the same reasoning relied upon in *Williams,* we hold that the ADA does not apply to prison employment situations either. *See Patton v. TIC United Corp.,* 77 F.3d 1235, 1245 (10th Cir.1996) (to extent possible, courts are to look to decisions construing Rehabilitation Act to assist in interpreting analogous provisions of the ADA).

For all of the above reasons, the district court did not err in denying plaintiff's motion for a temporary restraining order or preliminary injunction. The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED. Plaintiff's request of this court for a temporary restraining order and a preliminary injunction is DENIED.

---

5. In his complaint, plaintiff alleged only violations of Title II of the ADA. Nonetheless, in his responses to defendants' summary judgment pleadings, plaintiff also asserted violations of Titles I (addressing private employers) and III (addressing public accommodations operated by private entities). We agree with the district court that the ADA's Title II, prohibiting discrimination in the distribution of public services, is the only title that plaintiff's allegations arguably implicate.