**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSE L. GARCIA,

      Plaintiff-Appellant,

v.

DON BURDINE, Administrator, Curry
County Jail, and ROSE WORKHOUSER,
Supervisor, in their official and individual
capacity,

      Defendants-Appellees.

Case No. 96-2136

(D.C. No. 96-373 LH/LCS)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jesse L. Garcia, an inmate incarcerated in the Western New Mexico Correctional Facility in Grants, New Mexico, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, Don Burdine and Rose Workhouser, the Administrator and Supervisor of the Curry County Jail in Clovis, New Mexico, violated his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. In his complaint, Mr. Garcia alleges that, after discovering cigarettes in his cell, the defendant officials placed him in "15 days lock down with loss of all [privileges]" without conducting a hearing. Rec doc. 1, at 1. Mr. Garcia sued the defendants in both their official and individual capacities.

The district court dismissed Mr. Garcia's complaint as frivolous, citing 28 U.S.C. § 1915(d) (now recodified as 28 U.S.C. § 1915(e)(2), part of the Prison Litigation Reform Act of 1996). The court concluded that both the Due Process and Eighth Amendment claims against the defendants in their official capacity were barred by the Eleventh Amendment. As to Mr. Garcia's due process claim against the defendants in their individual capacity, the court applied Sandin v. Connor, 115 S. Ct. 2293 (1995), reasoning that he had failed to allege facts indicating that the fifteen day lockdown constituted an "atypical, significant deprivation in which a state might conceivably create a liberty interest . . . [or which would] invoke the procedural guarantees of the Due Process Clause." Rec. doc. 8, at 3 (Memorandum Opinion filed June 17, 1996) (quoting

Sandin, 115 S. Ct. at 2301-02). As to the Eighth Amendment claim, the court stated that Mr. Garcia had failed to allege that he had suffered cruel and unusual punishment.

Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court "shall dismiss the case at any time if the court determines that . . .the action . . . is frivolous or malicious" or "fails to state a claim upon which relief may be granted." A complaint may be dismissed as frivolous only if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Fratus v Deland, 49 F.3d 673, 674 (10th Cir. 1995). A complaint is subject to dismissal for failure to state a claim only if the plaintiff can prove no set of facts that would entitle him to relief, accepting the well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff. We construe Mr. Garcia's pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 512, 520-21 (1972). See Yoder v. Honeywell, 104 F.3d 1215, 1224 (10th Cir. 1997). We review the district court's dismissal under § 1915(d) for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33-35 (1992); Fratus, 49 F.3d at 674. However, the dismissal of a complaint for failure to state a claim is subject to de novo review. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996).

We conclude that the district court did not abuse its discretion in dismissing as frivolous both of Mr. Garcia's claims against the defendants in their official capacities and in dismissing Mr. Garcia's Eighth Amendment claim against the defendants in their individual capacities. As to the official capacity claims, the district court correctly noted

3

that an action for money damages against a state official acting in his or her official capacity constitutes a claim against the state itself and is therefore barred by the Eleventh Amendment.  See Will v. Michigan Dep't of Police, 491 U.S. 58, 71 (1989); White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996).   As to the individual capacity Eighth Amendment claim, Mr. Garcia's complaint does not allege that he "suffered from wantonly or unnecessarily inflicted pain or grossly disproportionate treatment." Abbott v. McCotter, 13 F.3d 1439, 1441-42 (10th Cir. 1994) (affirming § 1915(d) dismissal of Eighth Amendment claim).

As to Mr. Garcia's due process claim against the defendants in their individual capacities, we note that, in order to decide whether an inmate's placement in segregation triggers the protections of the Due Process Clause, a court must compare the conditions in segregation with "the ordinary incidents of prison life" and then determine whether these conditions constitute an "atypical and significant hardship." Sandin, 115 S Ct. at 2300.  In his complaint, Mr. Garcia alleges only that he was placed in fifteen days' segregation with a loss of all privileges.  He does not allege specific facts indicating that this segregation involved an "atypical and significant hardship. . . in relation to the ordinary incidents of prison life." Sandin, 115 S. Ct at 2300.  Accordingly, we conclude that Mr. Garcia has failed to state a claim for violation of his rights under the Due Process Clause.

We therefore affirm the district court's dismissal of Mr. Garcia's Eighth Amendment and Fourteenth Amendment Due Process claims against the defendants in their official and individual capacities.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge