F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIE ARCHULETA,

     Plaintiff-Appellant,

v.

FLOYD MARSHALL; ESTER
CADENA; ANTHONY DELGADO;
RUBEN ARCHULETA; JAMES
MULHERON, Sergeant; Correctional
Officers, Southern New Mexico
Correctional Facility,

     Defendants-Appellees.

No. 00-2033

(D.C. No. CIV-98-449-MV/DJS)
(D.N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Louie Archuleta appeals the district court's order granting defendants summary judgment on his claims of Eighth Amendment violations, brought under 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.

I.

Archuleta was incarcerated at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico, when he filed this § 1983 complaint against defendants Floyd Marshall, Ester Cadena, James Mulheron, Anthony Delgado, Ruben Archuleta, and others on April 16, 1998. Archuleta alleged, *inter alia*, that his Eighth Amendment rights were violated by defendants' use of excessive force. Archuleta claimed that on January 20, 1998, Marshall, Cadena, and Mulheron attacked and beat him, resulting in bodily harm, pain, and injuries to his right hand center finger, thumb, right ankle, and left hand center fingernail. On April 29, 1998, Archuleta filed a second § 1983 complaint, claiming, *inter alia*, that on March 4, 1998, Delgado and Ruben Archuleta attacked him, kicked and struck him, and caused pain and permanent damage to his back, right side hernia, left shoulder, right hand ligaments, and thumb.[1] The district court treated

---

[1]On July 13, 1998, the district court *sua sponte* dismissed Archuleta's claims of due process violations, denial of legal access, denial of medical treatment, conspiracy, unsanitary conditions, and denial of nutritious diet. The district court declined to exercise jurisdiction over Archuleta's state law claims

(continued...)

the two complaints as a single action.

Defendants filed a motion for summary judgment, contending they did not use excessive force against Archuleta and Archuleta suffered no injuries from the alleged force. Over Archuleta's objection, the district court adopted the magistrate's recommendation, granted defendants' motion for summary judgment, and dismissed Archuleta's complaint.

## II.

We review the grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. White v. State of Colorado, 82 F.3d 364, 366 (10th Cir. 1996). "Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law." Id. On appeal, Archuleta raises two issues: (1) whether the district court applied the correct legal standard to his Eighth Amendment excessive force claim, and (2) whether the district court failed to

[1](...continued)
and dismissed those claims without prejudice. The district court then dismissed defendants the State of New Mexico, New Mexico Department of Corrections, Jaysen Sena, Chris Barela, Jimmy Valles, Donna Simonetti, Eva (Elsie) Ramirez, Ralph Robles, Richardo Salayandia, Rudy Ibarra, Estevan Flores, Lupe Martinez Marshall, Ronald Lytle, and John Shanks. Archuleta does not appeal these dismissals and has now waived any appeal of those issues. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (noting that failure to raise issue in opening brief waives the point). Therefore, we affirm the district court's dismissal of these claims and defendants.

consider evidence that he was denied medical care.

*Proper standard for Eighth Amendment excessive force claim*

The magistrate recommended granting defendants' motion for summary judgment, concluding Archuleta failed to show he suffered more than de minimus injury from defendants' actions. The extent of the plaintiff's injury is not determinative in assessing whether an Eighth Amendment violation occurred. The inquiry for Eighth Amendment excessive force claims by convicted prisoners is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992) (citing Hudson v. McMillian, 503 U.S. 1, 6 (1992)). "The 'malicious and sadistic' requirement applies regardless of whether the plaintiff has alleged significant physical injury, for the ultimate constitutional inquiry is directed at whether an unnecessary and wanton infliction of pain has occurred." Id. (internal quotations omitted). The magistrate did not address the alleged force or examine whether it was excessive, but based his recommendation on the conclusion that Archuleta suffered only de minimus injury. The district court erred in not considering the alleged force and in using limited physical injury as the sole basis for granting summary judgment on Archuleta's Eighth Amendment excessive force claim. See id. (noting that

4

although "[t]he extent of injury may be relevant in determining whether corrections officers unnecessarily and wantonly inflicted pain," "its absence does not end the inquiry").

The magistrate also noted that 42 U.S.C. § 1997e(e) requires more than de minimus injury before Archuleta could bring the action. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Archuleta sought declaratory and injunctive relief, compensatory damages for physical and emotional injuries, and punitive damages. The physical injury requirement applies only to Archuleta's emotional injury claim. The case upon which the magistrate relied, Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), involved an interpretation of Eighth Amendment jurisprudence as requiring more than de minimus injury. As noted above, this circuit has not taken that approach. Further, e ven if Archuleta failed to make the required physical injury showing under § 1997e(e), his request for declaratory and injunctive relief would remain, and possibly his request for punitive damages. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 808 & n.6 (10th Cir. 1999) (stating that "§ 1997e(e) does not affect actions for declaratory or injunctive relief" and may not affect punitive damages claims).

5

*Denial of medical care*

Archuleta alleges the district court failed to consider evidence that he was denied medical care. The district court *sua sponte* dismissed Archuleta's denial of medical care claim on July 13, 1998, concluding Archuleta failed to allege a serious medical need. Archuleta's notice of appeal to this court is limited to the magistrate's proposed findings and recommended disposition of September 29, 1999, and the district court's order and judgment of January 25, 2000, neither of which addressed the denial of medical care claims. In his reply brief, Archuleta admits he did not raise the issue in his original lawsuit. Archuleta has not preserved this issue for appeal. See Fed. R. App. P. 3(c) (stating that the notice of appeal must designate the order from which the appellant appeals); Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir.1997) (noting that "[g]enerally, an appellate court will not consider an issue raised for the first time on appeal").

III.

The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings on Archuleta's Eighth Amendment excessive force claim.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6