**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SRI DAVID CONRAD: ROBERTS,

Plaintiff - Appellant,

v.

STATE OF COLORADO,

Defendant - Appellee.

No. 00-1212
(D.C. No. 00-M-621)
(District of Colorado)

ORDER AND JUDGMENT[*]

Before **BALDOCK, HENRY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

The plaintiff filed this action in the district court against the State of Colorado challenging four county court criminal proceedings arising out of traffic citations he had received in two different counties in the State of Colorado. In essence the plaintiff alleged that the counties did not have jurisdiction over him. In the complaint, the plaintiff merely sought "relief." When the state did not respond to the complaint in a timely fashion, the plaintiff filed a motion for entry of default. In that motion, the plaintiff sought "permanent injunctive relief" to allow "permanent right to travel." The state then filed a response to the motion as well as a motion to dismiss. The district court denied the request for entry of default, and, after determining that the plaintiff's pleadings did not show any factual basis for the relief requested, dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6).

On appeal, the plaintiff argues: 1) that the district court erred in failing to enter a default judgment against the defendant; 2) that the American flag used in the counties has a yellow fringe, robbing them of jurisdiction; 3) that the state may not require him to have a driver's license; and 4) the police officers had no authority to arrest him. We affirm.

"Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for abuse of discretion." *Dennis Garberg & Associates, Inc. v. Pack-Tech International Corp.*, 115 F.3d 767, 771 (10th Cir.1997). Our review of the record does not indicate that the district court abused its discretion in denying entry of a default judgment.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if, assuming all of the factual allegations are true and construing them in the light most favorable to the defendant, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). We review de novo the question of the sufficiency of a complaint. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).

The State of Colorado, the only named defendant in this action, is entitled to Eleventh Amendment immunity from the claim for money damages. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). However, sovereign immunity does not bar the claims for prospective injunctive relief. *Id.*

The only claim which is actually asserted against the only defendant, the State of Colorado, pertains to the right to drive. The other claims pertain to actions by the counties and individuals who were not named as defendants to the

3

action.  Accordingly, the district court did not err in dismissing those claims.

The plaintiff's contention that the State of Colorado may not require him to have a driver's license is devoid of merit.  There is no fundamental right to drive a motor vehicle.  *See Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999).  Requiring a driver's license is a reasonable and necessary regulation which does not offend due process.  *See Reitz v. Mealey*, 314 U.S. 33, 35 (1941) ("The use of the public highways by motor vehicles, with the consequent dangers, renders the reasonableness and necessity of regulation apparent.  The universal practice is to register ownership of automobiles and to license their drivers."), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652-54 (1971).

Accordingly, the judgment of the District of Colorado is **AFFIRMED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Bobby R. Baldock
Circuit Judge

4