**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROMEL ABU-FAKHER,

      Plaintiff-Appellant,

  v.

CHARLES BODE, CSI Master
Sergeant; L. E. BRUCE, Warden,
Hutchinson Correctional Facility;
WILLIAM L. CUMMINGS, Secretary
of Corrections Designee,

      Defendants-Appellees.

No. 05-3132
(D.C. No. 04-CV-3168-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Abu-Fakher filed a 42 U.S.C. § 1983 complaint alleging that he broke his finger when Master Sergeant Charles Bode, a guard at Hutchinson Correctional Facility (HCF) in Kansas, knocked him to the ground while running to respond to a fight between two other inmates, and that he was not given adequate medical treatment for his injury. In addition to suing Master Sergeant Bode, Mr. Abu-Fakher also sued L.E. Bruce, HCF's warden; and William L. Cummings, who responded to Mr. Abu-Fakher's final administrative appeal as the designee of the Kansas Secretary of Corrections. Mr. Abu-Fakher alleged that Master Sergeant Bode used excessive force in knocking him down and that Warden Bruce and Mr. Cummings were deliberately indifferent to his serious medical needs by denying his grievances, all in violation of the Eighth Amendment. Mr. Abu-Fakher asked the court to order that his finger be treated by a private specialist, that he be awarded $100,000 in damages, and that Master Sergeant Bode be ordered to have no further contact with him.

The district court granted the defendants' motions to dismiss and dismissed the complaint on three grounds: (1) that Mr. Abu-Fakher's monetary damages claims against the defendants in their official capacities were barred by the Eleventh Amendment, (2) that, to the extent that Mr. Abu-Fakher was seeking prospective injunctive relief, his factual allegations were insufficient to state an Eighth Amendment claim upon which relief could be granted, and (3) that the

-2-

defendants were entitled to qualified immunity. Mr. Abu-Fakher appeals from this decision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Standard of Review

We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to the Eleventh Amendment. *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002). "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). In reviewing the grant of a motion to dismiss for failure to state a claim upon which relief can be granted, we, like the district court, accept all well-pleaded allegations, taken in the light most favorable to Mr. Abu-Fakher, as true. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001). We then decide whether such allegations establish that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* We need not, however, accept as true conclusory allegations unsupported by factual allegations. *Id.* at 1306.

## Analysis

Mr. Abu-Fakher sued all three defendants in their official capacities and Warden Bruce and Mr. Cummings in their individual capacities as well. Mr. Abu-Fakher's request for money damages against the defendants in their official

capacities is barred by the Eleventh Amendment to the Constitution. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). His request for prospective injunctive relief against the defendants in their official capacities, however, is not barred by the Eleventh Amendment, *id.*; nor, of course, is his request for money damages against the defendants in their individual capacities. But in order to establish his entitlement to these forms of relief, Mr. Abu-Fakher's complaint must include sufficient factual allegations to state a claim for an Eighth Amendment Violation.[1] Mr. Abu-Fakher's complaint fails to meet this standard.

<u>Claim Regarding Collision with Master Sergeant Bode</u>

Mr. Abu-Fakher alleged that Master Sergeant Bode collided with him from behind while responding to a fight, pushing him to the ground and breaking his finger. Although Mr. Abu-Fakher makes the conclusory assertion that "[Bode] willfully and maliciously knocked [him] Down," R., Doc. 1 at 3, his factual allegations do not support this assertion.

> Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials act[ed] with a sufficiently culpable state of mind.

---

[1] Although the district court purported to apply the doctrine of qualified immunity in regards to both Mr. Abu-Fakher's official capacity claims seeking prospective injunctive relief and his individual capacity claims, it based its holdings in both instances on Mr. Abu-Fakher's failure to demonstrate that defendants' actions violated a constitutional or statutory right.

*Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks

omitted).  In *Smith*, this court further held that

> [t]he subjective element of an excessive force claim turns on whether
> force was applied in a good faith effort to maintain or restore
> discipline or maliciously and sadistically for the very purpose of
> causing harm.

*Id.* (internal quotation marks omitted).  While Mr. Abu-Fakher's allegation of a

broken finger is sufficient to meet the test's objective prong, his allegations

regarding the collision are insufficient to meet the test's subjective prong.

In his complaint, Mr. Abu-Fakher alleged that:

> [o]n the evening of 1-13-04, [he] was returning from the meal-line
> when all of a sudden [he] was shoved forcefully to the ground by []
> [Bode]; [Bode] came up from behind and knocked [him] down.

R., Doc. 1 at 2.  In an administrative appeal he alleged that Master Sergeant Bode

"pushed [him] down with his hands as [Bode] was responding to an emergency (A

two inmates' fight emergency.)"  *Id.*, Attach. 4 at 2.  He claimed that "[a] couple

of inmates and an officer assisted me up, however, [Bode] never even said

'excuse me,' *id.*, Attach. 2 at 1, and that "[Bode] continues to remain

disrespectful and unrepentant."  *Id.* at 5.  Mr. Abu-Fakher also stated that he had

no radio, had no idea that guards were responding to a fight, and that Master

Sergeant Bode "ha[d] no absolute right of way without an expressed verbal order

giving way to his intent to pass."  *Id.*, Attach. 2 at 2.  Warden Bruce, in his

response to Mr. Abu-Fakher's grievance, stated that his review had shown there

-5-

was indeed a collision between Master Sergeant Bode and Mr. Abu-Fakher, but that "the simple facts are that there is nothing to indicate that the collision was anything other than an unfortunate, unintentional incident occurring when the officer inadvertently ran into you as he responded to an emergency." *Id.*, Attach. 3. The only factual allegations relied on by Mr. Abu-Fakher to support a claim that Master Sergeant Bode acted "maliciously and sadistically for the very purpose of causing harm," *Smith*, 339 F.3d at 1212, were that Master Sergeant Bode used his hands to push him to the ground and that the Master Sergeant "knew who [he] was from a previous encounter in BL on 1-12-04." R., Doc. 1, Attach. 2 at 2. These sparse allegations conflict with Mr. Abu-Fakher's apparent acknowledgment of the unintentional nature of the collision found in his assertion that Master Sergeant Bode "ha[d] no absolute right of way without an expressed verbal order giving way to his intent to pass," and his request that Master Sergeant Bode "be directed on how to appropriately [respond] to an emergency in a crowded area." *Id.* Consequently, Mr. Abu-Fakher failed to state an Eighth Amendment claim for which relief could be granted concerning the collision.

Eighth Amendment Claim Regarding Medical Treatment Of The Injury

Mr. Abu-Fakher's factual allegations likewise failed to state an Eighth Amendment claim regarding his medical treatment. Mr. Abu-Fakher claimed that immediately after the incident he was given painkillers and a bag of ice for his

finger and told to visit the facility doctor the next day. He claimed that, despite the fact that his finger was x-rayed and he was told that it was not broken, his hand remained swollen over the next few days, continued to cause him pain, and became discolored. He alleged that it took ten days for his x-ray to be re-examined and a fracture discovered, but that the clinic only bandaged his hand and sent him back to his cell. He complained that "[t]he facility clinic didn't properly treated [sic] me nor did sent [sic] me to outside clinic to be treated[.] The Warden Mr. L.E. Bruce, as well as The Secretary of Corrections designee, Mr. William M. Cumming[s] ignored my rights to proper treatment." R., Doc. 1 at 3. He claimed that his finger was "still untreated,[ ]or damaged." *Id.* at 5.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). We have said that "[o]ur cases recognize two types of conduct constituting deliberate indifference" to a serious medical need. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). "First, a medical professional may fail to treat a serious medical condition properly." *Id.* Second, a prison official may "prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Id.* Here the second type of claim applies as neither Warden Bruce nor Mr. Cummings are medical professionals.

-7-

The concept of "[d]eliberate indifference involves both an objective and a subjective component." *Id.* at 1209 (internal quotation marks omitted). The objective component is met if the medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). "The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference." *Mata*, 427 F.3d at 751 (internal quotation marks omitted).

Here, Mr. Abu-Fakher's factual allegations do not meet the test's subjective component. The complaint and the grievances show that the fracture was eventually treated, and that Mr. Abu-Fakher filed his grievance the next day asking to see an outside specialist. In his grievance he stated that the x-rays showed that "[his] finger was broken and dislocated, then, instead of setting the bones and placing my finger in a splint, I was wrapped in an ace bandage and told to return in two weeks. I was given nothing for pain." R., Doc. 1, Attach. 2 at 1-2. Warden Bruce's response to the grievance was: "I understand that you have had continual medical care regarding the injury and that this care is currently ongoing. If you are not pleased with the course of treatment, you should make

your concerns known to medical staff at your next scheduled appointment." *Id.*,

Attach. 3 at 1. Similarly, Mr. Cummings' response was:

> We have asked the Kansas Department of Corrections, Health Care Contact Consultant to review the care and treatment that [the inmate is] receiving. We have been advised that this review is now complete. The information that we have been provided indicates that the care and treatment that is currently being made available to the inmate is consistent with prevailing community standards. Mr. Abu-Fakher's x-ray suggests that he has a healed fracture, as read by the health care practitioner at HCF.

*Id.*, Attach. 5 at 1.

Thus, it is clear from the grievances attached to the complaint that Warden Bruce and Mr. Cummings investigated Mr. Abu-Fakher's complaints and were assured that he was receiving medical treatment. The fact that Mr. Abu-Fakher alleges that he notified Warden Bruce and Mr. Cummings that he did not agree with the treatment he was receiving and wanted to see a private specialist is not sufficient to show that they were (1) "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to Mr. Abu-Fakher existed, (2) had drawn that inference, and (3) had been deliberately indifferent to it. *Mata*, 427 F.3d at 751. "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999).

<u>Mr. Abu-Fakher's Remaining Allegation On Appeal</u>

Mr. Abu-Fakher also raises other points of error on appeal. He appears to allege that the district court erred in converting the defendants' motion for dismissal to a motion for summary judgment without giving him proper notice. In this case, however, the district court granted the motion to dismiss without considering materials outside the complaint, specifically noting this fact in a footnote. *See* R., Doc. 33 at 12 n.34. To the extent Mr. Abu-Fakher is arguing that he should have been allowed to amend his complaint prior to dismissal, we note that: (1) he failed to respond to Master Sergeant Bode's motion to dismiss, (2) his response to Warden Bruce and Mr. Cummings' motion to dismiss added no additional factual allegations regarding his claims, (3) he never requested leave to amend his complaint, and (4) he has not stated on appeal what additional factual allegations he would have made if he had been asked to amend his complaint. In addition, we note that Mr. Abu-Fakher has filed a motion with this court seeking to amend his complaint. The proposed amended complaint included with the motion seeks to add new claims and defendants to his action but does not include any additional factual allegations regarding his present claims. Here, both motions to dismiss filed by the defendants alleged that Mr. Abu-Fakher had failed to make factual allegations sufficient to state an Eighth Amendment claim, putting Mr. Abu-Fakher on notice of the potential deficiencies. The district court did not err by not sua sponte ordering Mr. Abu-Fakher to amend his complaint.

-10-

Finally, Mr. Abu-Fakher alleges that the district court erred in denying certain motions as moot following its order dismissing his complaint. In a footnote, the district court held that it was denying five of Mr. Abu-Fakher's motions as moot in light of its dismissal of the complaint.[2] We find no error in the district court's denial of these motions. The denial of Mr. Abu-Fakher's Motion to Appoint Counsel, however, deserves further comment.

We review the denial of Mr. Abu-Fakher's motion to appoint counsel for abuse of discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), a district court may appoint counsel to an indigent prisoner bringing a civil rights claim in appropriate circumstances. Other than stating that Mr. Abu-Fakher's motion was moot, the district court provided no reasoning for its denial. A district court's failure to provide reasoning for its denial does not automatically equate to an abuse of discretion and we may independently examine the motion's merits. *See Rucks*, 57 F.3d at 979. In doing so we consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

---

[2] The five motions were: (1) Motion to Reinstate Plaintiff's Law Library Law Books and Legal Service Access, (2) Motion for Reconsideration of Order Granting *in forma pauperis*, Denying Motion to Transfer to Federal Custody and Denying Motion for Protective Order, (3) Motion for Jury Trial, (4) Motion for Ruling (seeking an update or an examination of his case), and (5) Motion to Appoint Counsel. R., Doc. 33 at 2 n.5.

of the legal issues raised by the claims." *Id.* (internal quotation marks omitted). Here, it is clear that Mr. Abu-Fakher understood the basics of his Eighth Amendment claims and was granted the liberal treatment accorded pro se litigants. The issues involved were not particularly complex and, while he argues that he is untrained in the law, the same may be said for any pro se claimant. *See id.* In short, Mr. Abu-Fakher's claims failed because of the inadequacy of his factual allegations and not because of his lack of legal training.

## Conclusion

Because Mr. Abu-Fakher's damage claims against the parties in their official capacity are barred by the Eleventh Amendment and because his factual allegations failed to state a claim for which relief could be granted as to his remaining claims, the district court's judgment is AFFIRMED.

Mr. Abu-Fakher's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Mr. Abu-Fakher's motion seeking to file an amended complaint adding new parties and claims is DENIED. Appellate courts are not trial courts and claims must be brought in the first instance in the district court. *See* Fed. R. Civ. P. 3. This denial is without prejudice to any proper future district court filings.

-12-

Entered for the Court


Michael W. McConnell
Circuit Judge