FILED
United States Court of Appeals
Tenth Circuit

September 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL INMAN,

      Plaintiff - Appellant,

v.

JO ANN STOCK, L.C.F., Health Care
Provider; DR. ANITA BLOOR,
L.C.F., Health Care Supervisor,

      Defendants - Appellees.

No. 07-1137
(D.C. No. 05-CV-2290-LTB-PAC)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Plaintiff-Appellant Paul Inman, a Colorado state prisoner appearing pro se,

appeals the district court's dismissal of his complaint, which alleged that

Defendants-Appellees Jo Ann Stock and Dr. Anita Bloor were deliberately

indifferent to his serious medical needs. The Defendants were sued in their

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

individual and official capacities, and Mr. Inman sought declaratory and injunctive relief, as well as damages, pursuant to 42 U.S.C. § 1983. The Defendants moved to dismiss Mr. Inman's claims, and the magistrate judge to whom the case had been assigned recommended granting the motion. The district court adopted the magistrate judge's report and recommendation in part, and it granted the motion to dismiss. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## Background

According to Mr. Inman's complaint, he slipped on an icy sidewalk and injured his hand and knee on January 16, 2005. R. Doc. 11 at 4. He sought immediate medical assistance, but he was told to submit a "kite" and wait to be seen. Three days later, Mr. Inman was examined by Ms. Stock, a physician's assistant. Her notes indicate "[n]o bruising, swelling, erythema seen. No abrasions, no deformity seen." Aplt. Br. App. A. Nevertheless, Ms. Stock ordered an x-ray of Mr. Inman's hand and knee.

Later that week, Mr. Inman again requested medical attention for his injuries. Ms. Stock examined him a second time on January 24. Her notes from this visit explain:

> PE reveals right hand is swollen, bruised, with abrasions over the knuckles. It was noted last week that there were no marks, swelling, or bruising on the hand. I think there has been further injury since

then.  I will get another x-ray today to compare.  He also has bruising over bridge of nose and under left eye, which was not there last week.  I will also get an x-ray of the left orbit.

Id. App. B.  Consistent with these notes, Ms. Stock again ordered x-rays, which revealed that Mr. Inman had a fracture of his third metacarpal.  Id.  She also prescribed several medications and referred Mr. Inman to an orthopedic specialist.  Id.

A third record indicates that Mr. Inman was seen by an orthopedic surgeon on February 14.  Id. App. C.  According to Ms. Stock's notes, the doctor determined that the fracture had healed enough that no cast was necessary.  Id.  However, Ms. Stock also ordered that Mr. Inman return to the doctor for a follow-up visit in six weeks.  Id.

On November 10, 2005, Mr. Inman filed this lawsuit seeking a declaratory judgment that his Eighth Amendment rights had been violated, an injunction requiring restorative medical care, nominal damages of $1.00 from each defendant, and punitive damages.  In his amended complaint, he alleges that the delay between his injury and his examination by an orthopedic surgeon constituted deliberate indifference to his serious medical needs, rendering him "permanently disfigured" and causing him to suffer from "severe arthritis."  R. Doc. 11 at 4.

The magistrate judge to whom the case had been assigned determined that the Eleventh Amendment barred any claims for declaratory relief and damages

against the Defendants in their official capacities, and he recommended dismissing those claims. I R. Doc. 33 at 3; White v. State of Colo., 82 F.3d 364, 366 (10th Cir. 1996). The magistrate judge next concluded that Mr. Inman had not properly exhausted his administrative remedies, and he recommended dismissing the remaining claims on that basis. Alternatively, he determined that qualified immunity barred Mr. Inman's individual capacity claims because he had not alleged facts that, if proven, would constitute a constitutional violation, see Kirkland v. St. Vrain Valley Sch. Dist., 464 F.3d 1182, 1187 n.2 (10th Cir. 2006) (recognizing that qualified immunity applies to individual capacity claims), and that the remaining claims for injunctive relief could not succeed because there was no likelihood of success on the merits, I R. Doc. 33 at 8-9. Accordingly, the magistrate judge recommended that all Mr. Inman's claims be dismissed.

The district court rejected the recommendation that the case be dismissed due to Mr. Inman's failure to exhaust, citing an intervening decision by the Supreme Court. See R. Doc. 38 at 1 (citing Jones v. Bock, —U.S.—, 127 S. Ct. 910 (2007)). However, the court adopted the magistrate judge's recommendation to dismiss on the basis of qualified immunity. Id. at 2. Mr. Inman filed a timely appeal.

## Discussion

At the outset, we note that the magistrate judge was plainly correct in

- 4 -

determining that the official capacity claims seeking damages against the Defendants were barred by Eleventh Amendment immunity, and that prospective injunctive relief would be barred in the absence of a likelihood of success on the merits, viz. establishing a constitutional violation. However, Mr. Inman has challenged the ruling that the Defendants are entitled to qualified immunity. We also believe that the magistrate judge and district court analyzed this question correctly.

When a plaintiff sues a state official in his or her individual capacity, the defendant is entitled to qualified immunity unless his or her conduct violated a clearly established constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). Once the defendant has asserted the defense of qualified immunity, the plaintiff must carry a two-part burden: first, he must show that the facts alleged amount to the violation of a constitutional right; second, he must show that the right at issue was clearly established at the time of his alleged injury. Id. We review a dismissal based on qualified immunity de novo. Denver Justice & Peace Comm., Inc. v. City of Golden, 405 F.3d 923, 927 (10th Cir. 2005).

Here, the magistrate judge's recommendation, adopted by the district court, concluded that Mr. Inman had failed to allege facts showing the violation of a constitutional right. R. Doc. 33 at 6-8. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." Estelle

v. Gamble, 429 U.S. 97, 104 (1976).  However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . .  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106 (emphasis added).

"'Deliberate indifference' involves both an objective and subjective component."  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component requires that the medical need be "sufficiently serious," meaning "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. (quoting Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)).  The subjective component requires the plaintiff to show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

We will assume (without deciding) that a broken bone in Mr. Inman's hand is sufficiently serious to satisfy the objective inquiry.  However, we agree with the magistrate judge and the district court that Mr. Inman has not alleged any facts indicating that Ms. Stock and Dr. Bloor were deliberately indifferent to his injury.  Ms. Stock examined Mr. Inman three days after his injury, ordered x-rays, and determined that no other medical intervention appeared necessary.  When his

complaints persisted, she examined him for a second time five days later, again ordered x-rays, and prescribed medication. She also arranged for him to be seen by an orthopedic surgeon when the x-rays revealed a fractured metacarpal bone, and she followed up with the orthopedic surgeon in order to continue providing Mr. Inman with appropriate care.

Even assuming Ms. Stock was negligent, the alleged negligence is not sufficient to state a valid § 1983 claim against her or her supervising physician, Dr. Bloor. Estelle, 429 U.S. at 106. "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996)). In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

The judgment is AFFIRMED. The motion to proceed without prepayment of costs or fees is granted. Mr. Inman is reminded of his continuing obligation to make partial payments of the filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 7 -