**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

KEVIN D. LOGGINS, SR.,

    Plaintiff - Appellant,

v.

JOSEPH NORWOOD, Secretary of
Corrections, Kansas Department of
Corrections; DAN SCHNURR, Warden,
Hutchinson Correctional Facility;
SHANNON MEYER, Warden, Topeka
Correctional Facility; FNU DOE,

    Defendants - Appellees.

No. 20-3009
(D.C. No. 5:18-CV-03016-DDC-KGG)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.

_____

Kevin D. Loggins, Sr., appeals the judgment entered in favor of defendants in

his pro se civil rights action asserting claims under 28 U.S.C. § 1983 and state law.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.      Background

In 1996, Loggins was convicted in Kansas state court of aggravated robbery, aggravated kidnapping, possession of a firearm by a felon, aggravated burglary—and as relevant to this appeal—one count of aggravated sexual battery. His convictions were affirmed by the Court of Appeals of Kansas.

### A.      Action Challenging Sex Offender Status

In 2018, Loggins sued Kansas prison officials and the Kansas Department of Corrections (KDOC) asserting that his classification as a sex offender and the denial of his requests to discontinue that classification violated his constitutional rights. He asserted that the sex offender classification as applied to him did not serve a legitimate penological interest because his conviction for aggravated sexual battery was based upon an aiding-and-abetting theory. Loggins further alleged that the sex offender classification violated his right to familial association by preventing him from communicating and visiting with family members who are minors. He also claimed that a KDOC webpage falsely stated that he was a sex offender who had intentionally touched a 16-year-old girl. Loggins sought removal of the sex offender classification, release from the requirement to participate in the sex offender treatment program, removal of the reference to him being a sex offender from the KDOC webpage, and damages for slander and defamation.

After defendants submitted a *Martinez* report, Loggins filed a motion seeking "to impeach" the judgment in his conviction for aggravated sexual battery. R. at 633. In the same vein, he later moved the district court to take judicial notice that his

2

aggravated sexual battery conviction is void. Defendants moved to dismiss the complaint, or alternatively, for summary judgment (hereafter, "Dispositive Motion"). The court ultimately denied Loggins' motions to invalidate his conviction and granted defendants' Dispositive Motion, dismissing some claims for lack of jurisdiction, granting summary judgment on the remaining federal claims, and declining to exercise supplemental jurisdiction over Loggins' state-law defamation and slander claims.

### B. Denial of Loggins' Motions Challenging the Validity of his Aggravated Sexual Battery Conviction

The district court denied Loggins' motions challenging the validity of his aggravated sexual battery conviction. It held that to the extent he sought release from prison because that conviction was invalid, such a claim was not cognizable in his § 1983 action and he must instead challenge the conviction in a habeas corpus proceeding after exhausting his state-court remedies. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). The court further held that it could not award damages in a § 1983 action based upon Loggins' allegedly unconstitutional conviction. *See id.* at 486-87 (holding that to recover damages, a § 1983 plaintiff must prove the conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by issuance of a writ of habeas corpus in federal court). Finally, the court held it could not take judicial notice of the invalidity of Loggins' aggravated sexual

battery conviction because it was not an undisputed fact that was "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(1)-(2).

### C. Grant of Defendants' Dispositive Motion

#### 1. Loggins' Motion to Supplement the Record on Appeal with his Purported Response to Defendants' Dispositive Motion

The district court held that Loggins failed to respond to defendants' Dispositive Motion. No such response was docketed. Loggins now moves this court to supplement the record on appeal with a document he represents is his response, which he asserts that he filed but the district court failed to docket.[1] On consideration, we grant Loggins' motion to supplement the record on appeal with the response to the Dispositive Motion that he claims he filed (hereafter, "Response to Dispositive Motion"), noting that it does not change our disposition of his appeal.

#### 2. Dismissal of Certain Claims for Lack of Jurisdiction

The district court dismissed some of Loggins' claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). It first held that Eleventh Amendment immunity barred his claims for money damages against state officials in their official capacities. *See White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996) (affirming summary judgment on damages and declaratory judgment claims

---

[1] Loggins has filed three motions to supplement the record with his purported response to the Dispositive Motion. He attached that document to his first motion. *See* Mot. to Suppl. R. on Appeal, App. A, Aug. 19, 2020. We denied his first motion without prejudice and his second motion as unnecessary.

under § 1983 against defendants in their official capacities). It held the Eleventh Amendment also barred Loggins' state-law slander and defamation claims against state officials in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). The court further held that Loggins' claims for money damages based on his classification as a sex offender were barred by the *Heck* doctrine because those claims called into question his aggravated sexual battery conviction, which he had not alleged had been invalidated.

### 3. Grant of Summary Judgment on Remaining § 1983 Claims

The district court granted summary judgment in favor of defendants on Loggins' remaining claims under § 1983. It noted that the facts set forth in defendants' Dispositive Motion were uncontroverted because Loggins had not filed any opposition.[2] As relevant to his § 1983 claims, there are some prison restrictions that apply to Loggins based upon his aggravated sexual battery conviction. The prison's policy permits sex offenders to visit and otherwise communicate with family members who are minors only through an override process. Loggins requested and

---

[2] The facts relevant to the district court's grant of summary judgment in favor of defendants remain uncontroverted despite our supplementation of the record with Loggins' Response to Dispositive Motion.

was granted a sex offender override for "contact visits" with his minor son in 2004, R. at 452, and for "contact visits, mail, photos, email, and phone contact" with minor grandchildren in 2017 and 2018, *id.* at 466-67. He also made four requests for a complete override of his sex offender status, all of which were denied.

The court granted summary judgment to defendants on Loggins' claim that classifying him as a sex offender based upon his aggravated sexual battery conviction violated his right to procedural due process, concluding that he had received all the process he was due in his state-court criminal proceedings. *See Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997) ("An inmate who has been convicted of a sex crime in a prior adversarial setting . . . has received the minimum protections required by due process. Prison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime."). The court noted that Loggins had not been classified as a sex offender based upon mere allegations. *See, e.g.*, *Chambers v. Colo. Dep't of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (stating that a sex offender label "based on bare allegations which are vigorously denied and which have never been tested . . . requires some procedural scrutiny").

The district court next held that Loggins' claims for prospective relief regarding his right to familial association were moot to the extent he had been granted overrides to communicate and visit with his minor son and grandchildren. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (noting "an actual controversy must be extant at all stages of review" (internal quotation marks

6

omitted)).[3]  And to the extent his claims were based on a deprivation of contact with other family members who are minors, the court held that he failed to identify any unreasonable restriction on his constitutional rights.  *See Wirsching v. Colorado*, 360 F.3d 1191, 1199-1201 (10th Cir. 2004) (affirming as constitutional a ban on visitation between a convicted sex offender who refused to comply with treatment program requirements and his child because the prisoner failed to present evidence demonstrating the prison regulation was not reasonably related to legitimate penological interests).[4]

---

[3] Loggins asks this court to take judicial notice of a "fraud being committed by the defendants" with respect to defendants' contention that some of his claims are moot.  Motion to Take Judicial Notice at 2, Jan. 4, 2021.  Arguing that his rights are still being abridged, Loggins attached to his motion a prison form notifying him that a piece of mail containing a photo of an unidentified minor had recently been censored under the sex offender policy.  Neither defendants' alleged "fraud" nor the prison form qualifies as a publicly filed record in this court or another court of which we would have discretion to take judicial notice.  *See McDaniel v. Navient Sols., LLC (In re McDaniel)*, 973 F.3d 1083, 1087 n.3 (10th Cir. 2020).  We therefore deny Loggins' motion.  We further note that the district court did not hold that all of Loggins' claims were moot based upon the overrides granting him visitation rights with certain family members who are minors.

[4] The district court also held, alternatively, that Loggins' § 1983 damages claims were barred by the applicable two-year statute of limitations under Kansas law because his claims accrued no later than 2003 when he was first classified as a sex offender.

### 4. Decision Not to Exercise Supplemental Jurisdiction Over State-Law Claims

Having dismissed or granted summary judgment in favor of defendants on all of Loggins' § 1983 claims, the district court declined to exercise supplemental jurisdiction over his remaining state-law claims alleging slander and defamation.

## II. Discussion

We review de novo the district court's dismissal of claims for lack of jurisdiction under Rule 12(b)(1) and its grant of summary judgment. *See Black Hills Aviation, Inc. v. United States*, 34 F.3d 968, 972 (10th Cir. 1994). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Loggins argues that defendants could not use his aggravated sexual battery conviction for classification purposes because that conviction is a nullity and the judgment is void. He also contends the prison had no legitimate penological interest in enforcing the sex offender visitation restrictions as to him. And he maintains that his § 1983 claims were timely under the continuing violation doctrine.[5]

---

[5] Loggins also devotes several pages of his brief to arguing that his classification as a sex offender violates the Ex Post Facto Clause. He did not assert an ex post facto claim in his complaint and never moved to amend his complaint to add such a claim. He did include a perfunctory argument on this issue in his Response to Dispositive Motion. We conclude that, even if that pleading had been docketed in the district court, it was insufficient to preserve an ex post facto theory on appeal. *See Rumsey Land Co. v. Res. Holdings, LLC (In re Rumsey Land Co.)*, 944 F.3d 1259, 1271 (10th Cir. 2019) ("We . . . do not address arguments raised in the District Court in a perfunctory and undeveloped manner." (internal quotation

We have reviewed the parties' briefs and the district court's thorough and well-reasoned rulings on defendants' Dispositive Motion and on Loggins' motions seeking to invalidate his aggravated sexual battery conviction. Finding no reversible error, we affirm the district court's judgment for substantially the reasons stated in the district court's rulings. We grant Loggins' motion to supplement the record on appeal, but we deny his other pending motions.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

marks omitted)); *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233-34 (10th Cir. 1997) (holding a fleeting contention in district court did not preserve an issue raised in detail on appeal). We therefore do not consider this contention, which Loggins failed to preserve in the district court and as to which he does not argue plain error on appeal. *See Rumsey Land Co.*, 944 F.3d at 1271 ("If an appellant does not explain how its forfeited arguments survive the plain error standard, it effectively waives those arguments on appeal.").