**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN NASIOUS,

      Plaintiff-Appellant,

v.

STATE OF COLORADO, Office of the
Governor Bill Ritter; NURSE MARTHA
MUELLER, Physician Health Partners;
DR. BARRY GOLDSMITH, Physician
Health Partners; PAULA FRANTZ,
M.D., CMO, Colorado Dept. of
Corrections; STEPHEN KREIBS, M.D.,
Physician Health Partners Agent of
Record; P.A. BRIAN WEBSTER,
Physician Health Partners (Ft. Meyers,
Fl.); P.A. TEJENDER SINGH, Physician
Health Partners; ARISTEDES
ZAVARAS, Executive Director, CDOC;
JOSEPH GARY FORTUNADO, D.O.,
Physician Health Partners; P.A. JOANN
STOCK, Physician Health Partners;
NURSE NANCY WHITE, Physician
Health Partners; JOSEPH WERMERS,
M.D., Physician Health Partners; CO
ST. MARTIN, Colorado Dept. of
Corrections; CO. REGINA JOHNSON,
Medical Department Colorado
Department of Corrections; CAPTAIN
WEINGARDT, Colorado Department of
Corrections; LT. MARK BOLD,
Colorado Department of Corrections; LT.
JASON ZWIRN, Colorado Department
of Corrections; SHANE MCMAHILL,
Colorado Department of Corrections;
CATHIE HOLST, Manager of
Correctional Legal Services, ADA
Coordinator, AIC CDOC; ADRIENNE

No. 11-1450
(D.C. No. 1:09-CV-01051-REB-KMT)
(D. Colo.)

JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC; SGT. BECKY BALL, Colorado Dept. of Corrections; LT JIMERSON, Colorado Dept. of Corrections; MS. HAVERLY, LIBRARIAN, Colorado Dept. of Corrections; JON DOE AND JANE DOE, all in their individual capacities,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

John Nasious, a Colorado prisoner proceeding pro se, appeals the district court's judgment against him in his prison-conditions lawsuit under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (ADA). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Nasious filed an amended complaint with four claims. On appeal, he focuses on two of those claims: a § 1983 claim alleging denial of medical treatment in violation of the Eighth Amendment and an ADA claim alleging denial of the ability to participate in programs and services and/or discrimination against him because of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- 2 -

his disabilities. Because his opening brief fails to present sufficient argument regarding the reasons for granting judgment for defendants on the other two claims, he has waived any challenge regarding those claims. *See Guttman v. Khalsa*, 669 F.3d 1101, 1116 (10th Cir. 2012).

Nasious asserted his Eighth Amendment claim against certain defendants who were medical providers or their gatekeepers and against other defendants who were not involved with medical decisions. Nasious does not make any appellate argument regarding the dismissal of the allegations against the non-medical defendants. Therefore, we focus on the medical defendants. The magistrate judge recommended granting summary judgment to them because (1) the Eleventh Amendment barred an award of money damages against defendants in their official capacities, and (2) Nasious failed to establish any violation of his constitutional rights because he did not show defendants were deliberately indifferent to his serious medical needs. The district court agreed and adopted the recommendation. We review the grant of summary judgment de novo. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

In his opening brief, Nasious argues he sustained injuries from defendants' "failure to treat or admit his disabilities." Aplt. Br. at 2. We agree with the district court that the Eleventh Amendment bars Nasious from recovering, under § 1983, money damages against defendants in their official capacities. *See White*, 82 F.3d at 366. We also agree Nasious failed to show defendants were deliberately

indifferent to his serious medical needs.  Clearly Nasious disagrees with defendants' medical opinions and their prescribed courses of treatment for his various conditions, but such disagreement fails to establish an Eighth Amendment violation.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  At most, Nasious's allegations of incorrect treatment might establish malpractice, which also fails to establish an Eighth Amendment violation.  *See Estelle*, 429 U.S. at 106-07; *Perkins*, 165 F.3d at 811.  Accordingly, we affirm the district court's judgment for defendants on the Eighth Amendment claim for substantially the reasons stated in the magistrate judge's report and recommendation filed on April 22, 2011.

Regarding the ADA claim, Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The magistrate judge recommended granting summary judgment on the ADA claim because:  (1) some of Nasious's allegations were not cognizable under the ADA, (2) Nasious failed to provide any evidence of a qualifying disability, and (3) Nasious failed to produce any evidence he had been discriminated against because of a disability.  With one exception with regard to photophobia, which we discuss below, the district court agreed and adopted the recommendation.  The district court also held defendants could not be sued in their individual capacities under Title II;

Title II did not abrogate Colorado's Eleventh Amendment immunity against money damages; and the majority of Nasious's ADA-related allegations were conclusory and non-specific with regard to disabilities other than photophobia.[1]

Before this court, Nasious again argues he is disabled within the meaning of the ADA. Because the events underlying Nasious's suit straddle the January 1, 2009, effective date of the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (ADAAA), in which Congress provided for a broader construction of "disability" than had previously applied, we shall assume solely for purposes of this appeal that Nasious suffers from a disability. Instead, we affirm substantially on the alternate grounds identified by the district court in its order filed on June 29, 2011. As the district court stated, many of Nasious's ADA-related complaints concern defendants' failure to provide him the medical treatment he desires. But the ADA does not provide a remedy for medical negligence or a means to challenge "purely medical decisions" regarding the propriety of a course of treatment. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (stating the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled. . . . The ADA does not create a remedy for medical malpractice."). To

---

[1]    Earlier in the litigation, the district court had dismissed the ADA claim against defendant Ritter in his individual capacity for failure to plead sufficient facts to establish an ADA violation. Nasious does not appeal that decision.

the extent that any of Nasious's ADA allegations can overcome *Fitzgerald*, he failed to produce evidence to show defendants denied him access to a prison program or discriminated against him *because of* his asserted disabilities.

The district court made one exception to the grant of summary judgment on the ADA claim. It held Nasious could proceed with a claim that defendants Holst and Jacobson, in their official capacities, violated Title II by failing to accommodate his photophobia while he worked his prison job. The district court limited this claim to injunctive relief only, holding Nasious could not recover money damages. The claim, however, was never decided on the merits. While it was pending, Nasious was transferred from Sterling Correctional Facility to a halfway house. Because Nasious no longer worked at Sterling, the district court granted defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss the claim as moot.[2] We review this dismissal for constitutional mootness de novo. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010).

---

[2] Nasious did not object to the magistrate judge's recommendation to grant the motion to dismiss. Under this court's firm waiver rule, a failure to object to a recommendation waives appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In response to a show-cause order issued by this court, Nasious asserted he had filed objections. Apparently they did not reach the district court. With regard to nearly every other recommendation Nasious did file objections, so it was anomalous for him not to object to this particular recommendation. Thus, we accept his representation that he did try to file objections and consider this issue under the "interests of justice" exception to the firm waiver rule. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123-24 (10th Cir. 2010); *Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10th Cir. 2004).

Nasious argues the claim is not moot because he remains in the custody of the Colorado Department of Corrections, and he "could end up back at Sterling Correctional, tomorrow, that quick." Aplt. Br. at 3. But it is well-settled that a prisoner's transfer out of a prison moots his requests for declaratory or injunctive relief against staff at that prison. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). In *McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999), we applied this rule to a prisoner who was released on parole, holding, "the hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions." We continued, "we are not inclined to speculate that [the plaintiff] will break the law or otherwise violate the conditions of the[] release agreement." *Id.* at 1218. Similarly, we are not inclined to speculate that Nasious will violate the terms of his commitment to the halfway house and be returned to Sterling. The district court correctly determined the ADA claim for injunctive relief was moot.

Nasious also claims entitlement to money damages under *United States v. Georgia*, 546 U.S. 151 (2006), in which the Supreme Court held, "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Id.* at 159. A claim for money damages would survive

Nasious's transfer to the halfway house. But Nasious's argument is unavailing, because the conduct underlying the claim against Holst and Jacobson would not establish an actual violation of the Fourteenth Amendment.

We have not considered the numerous documents attached to Nasious's reply brief. He did not move to supplement the record on appeal, and even if he had, we would have denied any such request. The judgment of the district court is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge